UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAUN K. BOOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:11-cv-294-JMS-WGH |
| | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

"District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). That, however, is precisely what Federal prisoner Shaun K. Booth has presented in his 118-page complaint.[1]

The *Federal Rules of Civil Procedure*—and Rule 8(a)(2) in particular—require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)).

The complaint is **dismissed** based on the violation of Rule 8.

---

[1] Exhibits attached to the complaint are part of the complaint, Fed.R.Civ.P. 10(c), and the Seventh Circuit has instructed that documents attached to the complaint should be considered during the screening required by 28 U.S.C. § 1915A(b). *Polzin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011); *Arnett v. Webster,* 658 F.3d 742, 746 (7th Cir. 2011)(citing *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (On a motion to dismiss "[w]e consider documents attached to the complaint as part of the complaint itself.")).

## II. An Amended Complaint May Be Filed

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through January 21, 2012,** in which to **file an amended complaint.**

If an amended complaint is filed, it shall conform to the following guidelines:

! The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

In addition, the plaintiff is **notified** that the amended complaint must conform to and not transgress Rules 18 and 20(a), such that the amended complaint shall Anot name more than one defendant . . . unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.@ *Garcia v. Munoz,* 2008 WL 2064476, at *3 (D.N.J. 2008). Simply stated, AUnrelated claims against different defendants belong in different suits. . . .@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). A complaint or amended complaint violative of this principle will be Arejected.@

## III. Further Proceedings

If no amended complaint is filed as permitted in Part II of this Entry, the action will be dismissed consistent with the dismissal of the complaint in Part I. If an amended complaint is filed as permitted in Part II of this Entry, that pleading will be Ascreened@ as required by 28 U.S.C. ' 1915A(b) and an appropriate order will issue following the completion of that step.

**IT IS SO ORDERED.**

Date: 01/03/2012

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun K. Booth
R11145-078
Terre Haute FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808