# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHAUN K. BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-294-JMS-WGH |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry and Order Dismissing Action

### I.

Shaun Booth brings this action against the Federal Bureau of Prisons ("BOP") claiming that the BOP violated the Administrative Procedure Act ("APA") when the BOP enacted the Blue/Gold program at the Federal Correctional Center in Terre Haute, Indiana. He seeks declaratory and injunctive relief.

Booth was an inmate at the United States Penitentiary ("USP") in Terre Haute from July 29, 2009 through September 11, 2012, when he was transferred to a community corrections facility in advance of being released entirely from BOP custody. In other words, Booth is no longer confined at the USP Terre Haute and no longer able to be placed in the Blue/Gold program. In light of these developments, the BOP argues that Booth's claims must be dismissed as moot because Booth is no longer in BOP custody.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)).

> Because a moot case does not present a "case or controversy" under Article III, a finding of mootness deprives a federal court of the authority to act. The doctrine is premised upon the belief that a court should not enjoy the power to decide an unnecessary question that cannot affect the rights of the litigants before it. A finding of mootness can thus render the dismissal of a case appropriate.

*Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) (citing *Charles v. Daley,* 749 F.2d 452, 456 (7th Cir. 1984)).

Here, Booth's case is now moot because he has been transferred out of the USP Terre Haute and to a community corrections facility in Texas. He is therefore no longer subject to placement in the Blue/Gold program. With his transfer, the controversy posed by Booth's APA challenge is no longer live and therefore not justiciable. A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

Because Booth's claims are moot, the court does not have jurisdiction over his claims and the BOP's motion to **dismiss** [25] must be **granted**.

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/15/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun K. Booth
11145-078
County Rehabilitation Center Inc.
P.O. Box 5455
Tyler, TX 75712

All electronically registered counsel